UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| ERIC J. POIRRIER | * | CIVIL ACTION NO. 6:13-CV-00873 |
| VERSUS | * | JUDGE DOHERTY |
| BAKER HUGHES, INC., BAKER | | |
| HUGHES OILFIELD OPERATIONS, INC. | | |
| BAKER ATLAS, A DIVISION OF BAKER | | |
| HUGHES OILFIELD OPERATIONS, INC., | | |
| BAKER OIL TOOLS, A DIVISION OF BAKER | | |
| HUGHES OILFIELD OPERATIONS, INC. AND | | |
| MACK ENERGY CO. | * | MAGISTRATE HANNA |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ANSWER TO THIRD PARTY COMPLAINT</u>

**NOW INTO COURT,** through undersigned counsel, comes TARPON RENTAL, INC.,

who for answer to the Third Party Complaint of Mack Energy Co., avers:

### FIRST DEFENSE

The Third Party Complaint of Mack Energy Co. fails to state a claim upon relief can be

granted.

### SECOND DEFENSE

Alternatively, and subject to the exceptive allegations hereinabove set forth, this third

party defendant denies each and every allegation of the Third Party Complaint, as the same may

be admitted or modified.  Further responding to the allegations of the Third Party Complaint,

paragraph by paragraph, this defendant avers as follows:

1.

The allegations of the preamble and Paragraph 1 of the Third Party Complaint are denied for the lack of sufficient information to justify a belief therein.

2.

In response to Paragraph 2 of the Third Party Complaint, this defendant admits Tarpon Rental, Inc. is a corporation during business in Louisiana.  All other allegations are denied for the lack of sufficient information to justify a belief therein.

3.

In response to Paragraph 3 of the Third Party Complaint, this defendant admits the filing of a Complaint which forms the basis of this matter.

4.

The allegations of Paragraph 4 are denied for the lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 require no answer from this defendant.  However, in the event an answer is deemed necessary, same are denied insofar as they relate to the purported liability of this defendant.

6.

In response to Paragraph 6 of the Third Party Complaint, this defendant admits the existence of a Master Service Contract dated March 11, 2009 by and between Mack Energy Co. and Tarpon Rental, Inc.

7.

The allegations of Paragraph 7 of the Third Party Complaint are denied. Further, the Master Service Contract between Tarpon Rental, Inc. and Mack Energy Co. is a written instrument and is hereby pled as its own best evidence of the terms, conditions, provisions, and obligations which are set forth therein.

8.

The allegations of Paragraph 8 of the Third Party Complaint are denied.

9.

The allegations contained in Paragraph 9 of the Third Party Complaint are denied except to admit that at all pertinent times there was a policy of liability insurance issued by Commerce and Industry Insurance Company to Tarpon Rental, Inc. This policy, which is a written instrument, is hereby pled as its own best evidence of the terms and conditions which are set forth therein, and the coverages and amounts which are afforded.

10.

Insofar as the allegations of Paragraph 10 of the Third Party Complaint are related to the purported liability of this defendant, same are denied. All other allegations are denied for the lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Third Party Complaint are denied. Further, the Master Service Contract between Tarpon Rental, Inc. and Mack Energy Co. is a written instrument and is hereby pled as its own best evidence of the terms, conditions, provisions, and obligations which are set forth therein.

12.

The allegations contained in Paragraph 12 of the Third Party Complaint are denied except to admit that at all pertinent times there was a policy of liability insurance issued by Commerce and Industry Insurance Company to Tarpon Rental, Inc.  This policy, which is a written instrument, is hereby pled as its own best evidence of the terms and conditions which are set forth therein, and the coverages and amounts which are afforded.

13.

The allegations contained in Paragraph 13 of the Third Party Complaint are denied except to admit that at all pertinent times there was a policy of liability insurance issued by Commerce and Industry Insurance Company to Tarpon Rental, Inc.  This policy, which is a written instrument, is hereby pled as its own best evidence of the terms and conditions which are set forth therein, and the coverages and amounts which are afforded.

14.

The allegations of paragraph 14 are denied.

15.

Insofar as the allegations of Paragraph 15 relate to the purported liability of this defendant, they are denied.  All other allegations are denied for the lack of sufficient information to justify a belief therein.

16.

Insofar as the allegations of Paragraph 16 relate to the purported liability of this defendant, they are denied.  All other allegations are denied for the lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 are denied.

### THIRD DEFENSE

The Third Party Complaint of Mack Energy Co. and relief sought therein against this defendant are prohibited and barred by the applicable provisions of the Longshore and Harbors Worker's Compensation Act, 33 USC § 901 et. seq. and/or Louisiana law, including, but not limited to, the Louisiana Oilfield Anti-Indemnity Act, LSA R.S. § 9:2780.

### FOURTH DEFENSE

Alternatively, this defendant is not required to defend, indemnify, and/or provide additional insurance to third party complainant for the Original Complaint and/or any judgment resulting from the alleged accident in this matter.

### FIFTH DEFENSE

The claims of Mack Energy Co. may be barred, in whole or in part, by prescription and/or the doctrines of waiver, astoppel, or latches.

### SIXTH DEFENSE

The accident sued upon herein was caused the contributory and/or comparative negligence or fault of the plaintiff which are hereby pled as a bar to his recovery and/or a reduction of damages as the fault of plaintiff bears to the fault of any party.

### SEVENTH DEFENSE

This defendant pleads entitlement to an offset and/or credit and/or reduction of damages for any fault attributable to any party for whom it is not responsible.

### EIGHTH DEFENSE

The plaintiff failed to mitigate his damages.

NINTH DEFENSE

The plaintiff suffered little or no injury as a result of the subject accident.

TENTH DEFENSE

This defendant adopts and incorporates by reference each and every denial and affirmative defense as pled by Mack Energy Co. in its response to the allegations of the plaintiff in the Original Complaint.

18.

This defendant specifically prays for, and it entitled to, a trial by jury on issues so triable.

WHEREFORE, all premises considered, this Third Party Defendant, Tarpon Rental, Inc., prays that the demands of Mack Energy Co., Third Party Complainant, be rejected, and that the Third Party Complaint be dismissed with full prejudice and at Third Party Complainant's costs.

Respectfully Submitted:

JUNEAU DAVID, APLC

BY:_____/s/Marc D. Moroux_____
        MARC D. MOROUX, Bar No. 19071
        The Harding Center
        1018 Harding Street, Suite 202
        Post Office Drawer 51268
        Lafayette, LA  70505-1268
        Telephone No. (337) 269-0052
        COUNSEL FOR TARPON RENTAL, INC.

**CERTIFICATE**

I HEREBY CERTIFY that on the 12th day of December, 2013, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF

system, by hand, by email, by telefax, or by placing same in the United States Mail, properly

addressed and First-Class postage prepaid.

/s/Marc D. Moroux
MARC D. MOROUX