RECEIVED

JUN 1 7 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

ERIC POIRRIER                                CIVIL ACTION NO. 13-0873

VERSUS                                          JUDGE DOHERTY

BAKER HUGHES, INC., ET AL.            MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 47] filed by third-party defendant Commerce & Industry Insurance Company ("Commerce & Industry"), the insurer of co-third-party defendant Tarpon Rental, Inc. ("Tarpon"). By way of its motion, Commerce & Industry seeks dismissal of the third-party complaints[1] brought against it by defendants Mack Energy Co. ("Mack Energy") and Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"). Mack Energy and Baker Hughes oppose the instant motion [Docs. 59 & 62], and Commerce & Industry has filed a Motion for Leave to File a Reply Brief [Doc. 67, which is herein GRANTED. For the following

---

[1] To be sure, the third-party complaints of Mack Energy and Baker Hughes are broad, and include claims for contractual defense and indemnity pursuant to a Master Service Contract (the "MSC") between Mack Energy and Commerce & Industry's insured, Tarpon. Mack Energy and Baker Hughes also seek additional insured status under the Commerce & Industry policy issued to Tarpon, and breach of contract claims against Tarpon for failure to name Mack Energy and Baker Hughes as additional insureds under the Commerce& Industry policy. In the instant motion, Commerce & Industry argues the *entirety* of the third-party demands of Mack Energy and Baker Hughes should be dismissed on grounds all claims are against public policy pursuant to the Louisiana Oilfield Anti-Indemnity Act.

To clarify, Commerce & Industry seeks dismissal of Mack Energy and Baker Hughes's third party claims for contractual defense and indemnity *against Tarpon*, claims which arise out of the MSC between Mack Energy and Tarpon, to which Commerce & Industry is not a party. Similarly, Commerce & Industry seeks dismissal of Mack Energy and Baker Hughes's claims for breach of contract *against Tarpon* for failure to name Mack Energy and Baker Hughes as additional insureds under the Commerce& Industry policy. Commerce & Industry has not demonstrated it has the right to enforce contractual rights under a contract to which it is not a party, and this Court will not wade into that morass. Thus, the only request for relief contained within the instant motion that this Court will consider is Commerce & Industry's motion to dismiss the third party demands of Mack Energy and Baker Hughes for additional insured status under the Commerce & Industry policy.

1

reasons, the instant motion is DENIED for failure of the movant to carry its burden.

Plaintiff Eric Poirrier, an employee of Tarpon at the time of the subject incident, filed this lawsuit, alleging he was injured while performing well testing work on Walker Properties No. 1, a petrochemical well (a wellhead surrounded by a small platform) owned by Mack Energy and located within Mallard Bay, a lake located within the state of Louisiana. According to the complaint, on May 9, 2012, Baker Hughes, which had been retained by Mack Energy to perform wireline work, had completed a wireline run at approximately 12:30 p.m. Plaintiff alleges that to bleed down pressure from the well, he worked with a Baker Hughes employee to rig up and connect a two-inch high pressure hose from the well to a test pump located on a vessel, which was located adjacent to the well. According to the plaintiff, the Baker Hughes employee was located on the well and the plaintiff was located at the test pump on the vessel, which had been provided by Broussard Brothers (pursuant to a contract with Mack Energy). The plaintiff alleges the Baker Hughes employee connected the hose to the well, but before the plaintiff connected the hose to the pump, the Baker Hughes employee opened a valve on the well, which released pressure into the unsecured hose and caused the hose to hit the plaintiff on the face and head, causing the plaintiff's alleged injuries.

The plaintiff's original lawsuit named Mack Energy and Baker Hughes as defendants; plaintiff subsequently added Broussard Brothers and others as defendants. After the filing of plaintiff's suit, Mack Energy and Baker Hughes filed third party demands against Tarpon and its insurer, Commerce & Industry.

Mack Energy and Baker Hughes seek coverage for the plaintiff's claims against them under the Commerce & Industry policy issued to Tarpon by way of an additional insured endorsement in the policy, which states:

2

**ADDITIONAL INSURED – WHERE REQUIRED UNDER CONTRACT OR AGREEMENT**

**Section II - Who is an Insured, 1.,** is amended to add:

**f. Any person or organization to whom you become obligated to include as an additional insured under this policy, as a result of any contract or agreement you enter into, excluding contracts or agreements for professional services, which requires you to furnish insurance to that person or organization of the type provided by this policy, but only with respect to liability arising out of your operations or premises owned by or rented to you. However, the insurance provided will not exceed the lesser of:**

        1. The coverage and/or limits of this policy, or

        2. The coverage and/or limits required by said contract or agreement.[2]

The additional insured endorsement is alleged by Mack Energy and Baker Hughes to be operable by virtue of the MSC between Mack Energy and Tarpon, which contains the following insurance provision:

**XV.    Insurance**

1.      Contractor [TARPON] shall at its own expense (including deductibles) carry insurance (with insurance companies satisfactory to Company) in the minimum amounts and in accordance with the specifications set forth in Exhibit D effective prior to the commencement of any Work under this Contract. Such insurance shall be maintained in full force and effect at all times Work is performed and/or this Contract is in effect.

2.      All insurance policies of Contractor [TARPON], in any way related to the Work and whether or not required by this Contract, shall, but only to the extent of the risks and liabilities assumed hereunder, (1) name Company Group [MACK ENERGY and its contractors and subcontractors][3] as

---

      [2] *See* Commerce & Industry insurance policy, attached as Exhibit "C" to opposition brief of Mack Energy, Doc. 59 (emphasis added).

      [3] "Company Group" is defined in the MSC as follows: " Company Group" shall mean, individually or in any combination, Company [MACK ENERGY], its parent, affiliate, and subsidiary entities, its and their joint venturers, joint interest owners, partners, co-owners, co-lessees, contractors, and subcontractors of every tier (other than Contractor and its subcontractors), and the respective directors, officers, agents, representatives, employees, and invitees of all of the foregoing." No party has thus far disputed that Baker Hughes is a member of the Mack Energy

additional insured (except for worker's compensation, OEE/COW, purely first party policies, and professional liability policies) (with such additional insured coverage including coverage for the sole or concurrent negligence of the additional insured and not being restricted to (i) "ongoing operations," (ii) coverage for vicarious liability, or (iii) circumstances in which the named insured is partially negligent); (2) waive subrogation against Company Group; and (3) be primary and non-contributory to any insurance of Company Group.

On its face, the additional insured endorsement of the Commerce & Industry policy would appear to include Mack Energy and Baker Hughes as additional insureds under the policy. However, Commerce & Industry argues the inclusion of Mack Energy and Baker Hughes as additional insureds is against public policy, because the MSC which purports to require such coverage is governed by Louisiana law, and the Louisiana Oilfield Indemnity Act ("LOIA"), La. Rev. Stat. §9:2780,[4] voids such insurance provisions as a matter of law.

The parties disagree, however, as to whether the MSC is governed by Louisiana law (as argued by Commerce & Industry) or federal maritime law (as argued by Mack Energy and Baker Hughes). The MSC contains a unique choice of law provision, which states as follows::

> XXX. Choice of Law. This Contract shall be governed by the laws of the state in which the work is being performed. In the event that the laws of the state in which the work is being performed is inapplicable

---

"Company Group."

[4] La. Rev. Stat. §9:2780(G) states:

> G. Any provision in any agreement arising out of the operations, services, or activities listed in Subsection C of this Section of the Louisiana Revised Statutes of 1950 which requires waivers of subrogation, *additional named insured endorsements*, or any other form of insurance protection which would frustrate or circumvent the prohibitions of this Section, shall be null and void and of no force and effect.

(emphasis added). The "Subsection C" referenced in Section G states "The term "agreement," as it pertains to a well for oil, gas, or water, or drilling for minerals . . . . . means any agreement or understanding . . . . concerning any operations related to the exploration, development, production, or transportation of oil, gas, or water, or drilling for minerals . . ." La. Rev. Stat. §9:2780(C).

4

then the Contract shall be governed, construed and interpreted in accordance with General Maritime Laws of the United States.[5]

The express language of the choice of law provision requires this Court to conduct an analysis of whether the MSC between Mack Energy and Tarpon is a maritime contract, because pursuant to the choice of law provision, if maritime law applies, Louisiana state law cannot apply. To determine whether a contract is a maritime or non-maritime contract, a court must first undertake an examination of the "historical treatment in the jurisprudence" of the type of work at issue, and then, second, the Court should engage in a "fact-specific inquiry" by applying the six-factor test set forth in *Davis and Sons, Inc. v. Gulf Oil Corp.*, 919 F.2d 313, 316 (5th Cir. 1990).[6]

The movant has not briefed the *Davis* factors, arguing instead that the MSC is governed by Louisiana law. Furthermore, while Baker Hughes argues the *Davis* factors in its brief, both parties appear to agree there are genuine issues of material fact concerning the application of the *Davis* factors, and, furthermore, there are genuine issues of facts regarding the material issue of the role played by the vessels provided by Broussard Brothers in the work that was being performed by the plaintiff at the time of his accident. Because there are genuine issues of material fact relevant to these issues, this Court cannot conclude whether the MSC between Mack Energy and Tarpon is governed by maritime law or Louisiana law, and therefore, cannot determine whether the additional

---

[5] *See* Master Service Contract between Mack Energy and Tarpon, attached as Exhibit "A" to opposition brief of Baker Hughes, Doc. 62, Section XXX.

[6] The six factors are:

1) what does the specific work order in effect at the time of injury provide? 2) what work did the crew assigned under the work order actually do? 3) was the crew assigned to work aboard a vessel in navigable waters? 4) to what extent did the work being done relate to the mission of that vessel? 5) what was the principal work of the injured worker? and 6) what work was the injured worker actually doing at the time of injury?

*Davis and Sons,*, 919 F.2d at 316; *see also Hoda v. Rowan Companies, Inc.*, 419 F.3d 379, 381 (5th Cir. 2005).

insured endorsement of the Commerce & Industry policy operates to include Mack Energy and Baker Hughes as additional insureds under the policy.  Consequently, the instant motion – which seeks dismissal of the third party demand of Mack Energy and Baker Hughes for additional insured status under the Commerce & Industry policy issued to Tarpon – is denied for failure of the movant to carry its burden.

**IV.     Conclusion**

In light of the foregoing, the motion for summary judgment filed by Motion Summary Judgment [Doc. 47] filed by third-party defendant Commerce & Industry Insurance Company is DENIED for failure of the movant to carry its burden.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _17_ day of June, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE